**O**

# United States District Court
# Central District of California

| | |
|---|---|
| LUIS VILLEGAS,<br><br>            Plaintiff,<br><br>     v.<br><br>VILLA PLAZA PARTNERSHIP, L.P. et al.,<br><br>            Defendants. | Case №. 2:18-cv-06431-ODW (FFMx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING SUMMARY JUDGMENT SUA SPONTE FOR DEFENDANTS [22] AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT [24]** |

## I. INTRODUCTION

Plaintiff Luis Villegas ("Villegas") brings the present action against Defendant Villa Plaza Partnership, L.P. ("Villa Plaza"), for alleged violations of the Americans with Disabilities Act ("ADA"). (Compl. ¶¶ 1–2, 25–34, ECF No. 1.) Villegas now moves for summary judgment ("Motion"). (Pl.'s Mot. Summ. J. ("Mot."), ECF No. 22.) For the reasons that follow, the Court **DENIES** Villegas's Motion, and *sua sponte* **GRANTS** summary judgment in favor of Villa Plaza.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

The undisputed facts establish the following. Luis Villegas is paraplegic; he cannot walk and uses a wheelchair for mobility. (Statement of Uncontroverted Facts ("SUF") P1, ECF No. 22-2.) Villa Plaza owns the property at issue ("Shopping Center"), located at 7938 Florence Avenue, Downey, California. (SUF P2.) The Shopping Center is a business establishment and place of public accommodation. (SUF P3.) Villa Plaza owns the real property at issue and did so in June 2018. (SUF P4.)

On June 12, 2018, Villegas went to the Baskin-Robbins at the Shopping Center. (SUF P5.) He discovered there were two parking spaces marked and reserved for persons with disabilities near Baskin-Robbins. (SUF P6.) He exited his vehicle, but the parking spaces and access aisle near the Baskin-Robbins at the Shopping Center had uneven slopes. (SUF P7–P8.) Additionally, there were two van-accessible parking spaces marked and reserved for persons with disabilities in front of the Yoshinoya restaurant, also located in the Shopping Center. (SUF P9.) However, Villegas alleges that if he parked at Yoshinoya, there would be no safe way back to Baskin-Robbins. (Decl. of Luis Villegas ("Villegas Decl.") ¶ 7, ECF No. 22-5.) For example, Villegas would have to travel behind parked cars as well as travel with cars in the vehicular drive paths to make it back to Baskin-Robbins. (SUF P10.) Villegas alleges that this was not accessible to him, and caused him difficulty, discomfort, and frustration. (Villegas Decl. ¶¶ 9–10.)[2]

On July 20, 2018, Evens Louis, an investigator for the plaintiff, conducted investigation of the Baskin Robins at the Shopping Center. (SUF P13.) In the course of Louis's investigation, he found that there were approximately one hundred fifteen parking spaces. (SUF P14.) Additionally, Louis observed that there were two standard

---

[2] Importantly, "[t]he ADA standards permit accessible routes through parking lots to use vehicular lanes." *Baskin v. Hughes Realty, Inc.*, 25 Cal. App. 5th 184, 199–201 (2018); *see also Wilson v. Pier I Imports (US), Inc.*, 439 F. Supp. 2d 1054, 1071 (E.D. Cal. 2006) ("Plaintiff disputes the existence of an access way, but it appears that he is basing this on the belief that there needs to be a separate route other than via the parking lot. There does not appear to be any such requirement . . . .").

accessible parking spaces located near the Baskin Robbins and two van accessible parking spaces located in front of the Yoshinoya. (SUF P15–P17.) Louis found that the standard accessible parking spaces had running slopes ranging from 4.6 % to 11.6 % and cross slope from 4.0 % to 4.8 %. (SUF P18.)

On November 19, 2018, Certified Access Specialist ("CASp") Jon Rose ("Rose") performed an exterior inspection of the Shopping Center. (Def.'s Statement of Genuine Disputes ("SGI") D22, ECF No. 26-3.) According to Rose's CASp Accessibility Survey Report, "the inspected areas of the site meet[] all applicable construction-related accessibility standards." (SGI D23; Decl. of Catherine Weinberg ("Weingberg Decl.") ¶ 5, Ex. A, ECF No. 26-1.) Villegas does not dispute these facts.[3]

On July 26, 2018, Villegas filed this action for ADA and Unruh. (Compl., ECF No. 1.) However, the Court declined to exercise supplemental jurisdiction over the Unruh claim, making the ADA claim the only remaining claim. (Min. Order, ECF No. 19.) Villegas now moves for summary judgment as to his ADA Claim. (Mot. 1.)

### III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though a court may not weigh conflicting evidence

---

[3] Villegas did not file an objection to Rose's report or a Reply to Villa Plaza's Opposition to his Motion.

or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (internal quotation marks omitted). The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. 'The moving party, in its reply, shall respond to the additional facts in the same manner and format that the opposing party is required to adhere to in responding to the Statement of Uncontroverted Facts." (Scheduling and Case Management Order 7, ECF No. 15.) "[T]he Court may assume that the material facts as claimed and adequately supported . . . are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence." C.D. Cal. L.R. 56-3.

## IV. DISCUSSION

Villegas moves for summary judgment on the basis that Villa Plaza has "fail[ed] to provide level parking in front of Baskin-Robbins" and "fail[ed] to provide an accessible route from the parking lot to the entrance of the Baskin Robbins." (Mot. 10–11.) Villa Plaza opposes Villegas motion on the basis that the alleged barriers no longer exist, therefore mooting his ADA claims for injunctive relief. (Opp'n to Mot. ("Opp'n") 2, ECF No. 26.) The Court now addresses the Parties' arguments.

### A. Mootness

"Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Plaintiffs "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12188(a)(2)). In the context of a claim for injunctive relief under Title III of the ADA, a plaintiff must "demonstrate a sufficient likelihood that he will again be wronged in a similar way. That is, he must establish a real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (internal quotation marks and citations omitted). Accordingly, "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *see also Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005).

Here, Villegas proffers a declaration from Louis, his investigator, who on July 20, 2018, inspected the Shopping Center parking lot. (Decl. of Evan Louis ("Louis Decl.") ¶ 3, ECF No. 22-6.) Louis declares that the parking lot offered two standard accessible parking spaces located near the Baskin-Robbins and two van accessible parking spaces located in front of the Yoshinoya. (Louis Decl. ¶¶ 5–6.) The standard accessible parking spaces had running slopes ranging over 4%, and the van accessible

parking spaces were 220 feet away from the Baskin-Robbins. (Louis Decl. ¶¶ 7–8.) Accordingly, Villegas asserts that Villa Plaza has "fail[ed] to provide level parking in front of Baskin-Robbins" and "fail[ed] to provide an accessible route from the parking lot to the entrance of the Baskin Robbins," and therefore, the Court must grant his Motion. (Mot. 10–11.)

Villa Plaza does not dispute Louis's Report. (*See* Opp'n 2.) Instead, Villa Plaza opposes the Motion by arguing that Villegas's claims are moot. (Opp'n 5.) Villa Plaza proffers a declaration from CASp Rose, who inspected the Shopping Center parking lot on November 19, 2018, four months after Louis's inspection. (Weinberg Decl. ¶ 4.) Rose's report states he inspected the exterior of the Shopping Center and found that all areas meet applicable construction-related accessibility standards. (Weinberg Decl. ¶ 5, Ex. A.) Villa Plaza provided a copy of Rose's report to Villegas with its Initial Disclosures on December 7, 2018, as well as attaching it as an exhibit to its Opposition to Villegas's Motion. (Weinberg Decl. ¶ 6.)

Villegas neither filed a reply to Villa Plaza's Opposition nor objected to Rose's Report. Accordingly, the Court finds it undisputed that, as of November 19, 2018, the exterior of the Shopping Center including the parking areas meets all applicable construction-related accessibility standards. Consequently, the Court finds that Villegas's ADA claim is based on architectural barriers moot. *Oliver*, 654 F.3d at 905 ("[R]emoval of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."). Therefore, Villegas's Motion is **DENIED**.

**B.** *Sua Sponte* **Granting Summary Judgment**

Rule 56(f) allows the Court to grant summary judgment *sua sponte* for a nonmovant, so long as "the losing party has reasonable notice that the sufficiency of his or her claim will be in issue." *Norse v. City of Santa Cruz*, 629 F.3d 966, 971–72 (9th Cir. 2010). "Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (internal quotation marks omitted).

Here, Villegas moved for summary judgment and presented evidence in support of his claim. (*See* Mot.) Villegas had an opportunity to dispute Villa Plaza's evidence and reply to Villa Plaza's Opposition, but he choose not to. (*See* Mot.) Accordingly, Villegas has been given adequate notice and a reasonable opportunity to develop the facts to oppose a summary judgment. *Albino*, 747 F.3d at 1176. The Court has already ruled that Villegas's ADA claim is moot. Therefore, the Court *sua sponte* **GRANTS** summary judgment in favor of Villa Plaza. *See generally Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1149 (S.D. Cal. 2006) (*sua sponte* granting summary judgment for defendant in a case where plaintiff's ADA claims were moot.)

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Villegas's Motion for Summary Judgment. (ECF No. 22.) The Court *sua sponte* **GRANTS** summary judgment in favor of Villa Plaza. Accordingly, the Court **DENIES** Villa Plaza's motion to dismiss as moot. (ECF No. 24.) The Court will issue Judgment.

**IT IS SO ORDERED.**

January 6, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**